IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOMINGO COLON-MONTANEZ,            )<br>         Plaintiff )<br>            )<br>  vs.            )<br>            )<br>Hay<br>MICHAEL OPPMAN, Business Manager )<br>at SCI-Fayette; DIAN DETWILER, Inmate )<br>Account Supervisor at SCI-Fayette; HARRY)<br>EDWARD WILSON, Superintendent at  )<br>SCI-Fayette; JEFFREY A. BEARD, PH.D., )<br>Secretary and Commissioner of Department )<br>of Corrections in the State of Pennsylvania, )<br>         Defendants ) | Civil Action No. 06-161<br>Chief U.S. Magistrate Judge Amy Reynolds Hay |

**MEMORANDUM OPINION**

The Court addresses here the Defendants' Motion (Doc. 61), made pursuant to 28 U.S.C. § 1404(a), to transfer this matter to the Middle District of Pennsylvania. The Motion will be granted.

BACKGROUND

The salient undisputed facts underlying this Motion are undisputed. In 2004, Domingo Colon-Montanez ("the Plaintiff"), filed an action captioned Montanez v. Beard, No. 04-2569, in the Middle District of Pennsylvania. In that action, he challenged the constitutionality of 42 Pa. Cons. Stat. Ann. § 9728(b)(5) ("Act 84") which authorized withdrawal of funds from his inmate account to satisfy fines, costs and restitution imposed as part of his criminal sentence. In a Report and Recommendation filed on February 14, 2006, Magistrate Judge Mannion analyzed Plaintiff's claims on the merits, concluding that the Plaintiff had not stated a claim on which

relief could be granted. (See Doc. 61 Ex. A). The Plaintiff filed Objections, which the District Court found to be without merit. Nonetheless, the District Court ordered additional briefing in light of the decision in Hale v. Beard, No. 05-3259, 2006 WL 460895 (3d Cir. February 27, 2006) (per curiam). In March 2006, while proceedings in the Middle District were pending, the Plaintiff filed suit in this Court, raising allegations identical to those under consideration in the Middle District litigation.

Following the additional briefing ordered by the District Court for the Middle District, Magistrate Judge Mannion issued a second Report and Recommendation, (see Doc 61 Ex. B), again concluding that the Plaintiffs claim lacked merit. The District Court adopted that Report and Recommendation, and the Plaintiff appealed that decision to the Court of Appeals for the Third Circuit. While appeal of the Order issued by the District Court in the Middle District was pending, Magistrate Judge Caiazza, considering the allegations made in the suit pending here in the Western District, issued a Report and Recommendation in which he found, based on the second Report and Recommendation issued by Judge Mannion, that the Plaintiff's claims in this Court were barred by the doctrine of collateral estoppel. (Doc. 31). Magistrate Judge Caiazza's Report and Recommendation was adopted by the District Court for the Western District on March 7, 2007. (Doc. 36). The Plaintiff appealed from this Order.

The Court of Appeals for the Third Circuit considered both of the Plaintiff's appeals, and the appeal of another Plaintiff who had challenged the constitutionality of Act 84, in Montanez v. Beard, Nos. 06-3520, 07-1795, 07-3351, (3d Cir. September 23, 2009). Writing that because it lacked "basic knowledge of current administrative procedures, [it was] limited in [its] efforts to assess the adequacy of procedural due process under Act 84," id. at * 4, the Court of Appeals

2

vacated the dismissal of Colon-Montanez's procedural due process claims and the dismissal of his concurrent claim on grounds of collateral estoppel. In doing so, the Court wrote: "The district court can determine whether it wants to consolidate that collateral estoppel claim with the procedural due process claims asserted here." Id.   The District Court in the Middle District has issued a briefing order for the issues remaining after remand. In the matter pending in this District, the Plaintiff has filed an Amended Complaint reiterating the due process issues, and the Defendants have been directed to file an Answer. (Docs. 55, 59). Prior to the date set for their Answer, the Defendants filed the pending Motion to Transfer, arguing that this case should be transferred to the Middle District pursuant to 28 U.S.C. § 1404(a).

**DISCUSSION**

The purpose underlying section 1404(a) [1] is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). Though courts have broad discretion with respect to motions for transfer of venue, they are not to be granted liberally. Shutte v. ARMCO Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970); Superior Precast Ins. v. Safeco Ins. Co. Of Am., 71 F. Supp.2d 438, 445 (E.D. Pa. 1999).

The Court of Appeals for the Third Circuit has identified a series of public and private considerations to be balanced in evaluating requests for transfer. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). The relevant private interests include: 1) the plaintiff's choice of forum; 2) the defendant's choice of forum; 3) where the claim arose; 4) the convenience of the

---

[1] This section provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought"

parties as indicated by their relative physical and financial conditions; 5) the convenience of the witnesses, but only to the extent that they may actually be unavailable at trial; and 6) the location of relevant books and records insofar as these could not be produced in the alternative forum.  Id. The public interests to be examined include: 1) enforceability of the judgment; 2) practical considerations that could make the trial easy, expeditious, or inexpensive; 3) the relative administrative difficulty in the two fora resulting from court congestion; 4) the public policies of the fora; and 5) the judge's familiarity with the applicable state law.  Id. at 879-80. The weight given to the factors set out in Jumara is not equal.  A plaintiff's choice of forum is paramount.  "[U]nless the balance of convenience of the parties is strongly in favor of the defendant, the plaintiff's choice of forum should prevail."  Owatonna Mfg. Co. v. Melroe Co., 301 F. Supp.1296, 1307 (D. Minn.1969).

Section 1404(a) requires the court to approach the propriety of transfer on an "individualized case-by-case basis."  Sandvik AB v. Rockmore Int'l, Inc., No. 05-575, 2005 WL 3159282 (M.D. Pa. Nov. 28, 2005), quoting Jumara v. State Farm Ins. Co., 55 F.3d at 879. At this point, it is important for the Court to stress that this is not the typical case in which it is important to discuss each of the Jumara factors.  This is because the public interest in prudent allocation of judicial resources, avoiding duplicative effort, and promoting expeditious resolution of the Plaintiff's claims clearly outweighs the other factors, none of which favor continued litigation in the Western District.  The identical issues raised in this matter were asserted by the same Plaintiff two years earlier in the Middle District, have been actively litigated there, and are somewhat further along.  In these circumstances, where there is no conceivable benefit associated with litigating the same claim in two fora, or any possible prejudice to the Plaintiff in having his

4

claims resolved in the District where he filed originally, it would be irresponsible for the Court *not* to order a transfer.

The Defendants' Motion for Transfer will, therefore, be granted. An appropriate Order follows.

                                    By the Court,

                                    /s/ Amy Reynolds Hay
                                  Chief U.S. Magistrate Judge

Date:   February 9, 2010

cc:   All Counsel of Record via CM-ECF

     Domingo Colon-Montanez
     ED-3826
     SCI Dallas
     1000 Follies Road
     Dallas, PA 18612